IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| Deborah Winningham,<br><br>        Plaintiff,<br>v.<br><br>Swift Transportation Company, Inc. *et al.*,<br><br>        Defendants. | Case No.: 06-0568-CV-W-FJG |

**PLAINTIFF DEBORAH WINNINGHAM'S SUGGESTIONS IN SUPPORT OF HER MOTION TO DISMISS ALL PARTIES' CLAIMS WITHOUT PREJUDICE**

Plaintiff Deborah Winningham states as follows for her suggestions in support of her motion to dismiss all parties' claims without prejudice:

**Introduction**

Plaintiff Deborah Winningham filed a petition in the Circuit Court of Jackson County, Missouri against defendant Swift Transportation Company, Inc. ("Swift"), defendant Waleed Abdelmokarm ("Abdelmokarm"), and the Missouri Highways and Transportation Commission to recover the damages she sustained in a tractor trailer/automobile collision. The collision occurred while defendant Abdelmokarm was taking a commercial driver license examination being administered by plaintiff Winningham. During the test, defendant Abdelmokarm lost control of the tractor trailer he was operating, crossed the median of U.S. 50 Highway in Lee's Summit, Jackson County, Missouri, and collided with a car driven by Deborah Munroe and occupied by Michael Munroe. After the Missouri Highways and Transportation Commission was dismissed from the case, defendants removed the action to this Court on the basis of diversity jurisdiction.

In an entirely separate action, Deborah Munroe and Michael Munroe filed a petition for damages in the Circuit Court of Jackson County, Missouri against defendant Swift, defendant Abdelmokarm, and the Missouri Highways and Transportation Commission. ("Munroe Lawsuit") The subject matter and allegations of the Munroe Lawsuit and the instant case are identical. (Exhibit A, Munroe Lawsuit Petition) Recently, defendant Swift and defendant Abdelmokarm chose to file a third party action in the Munroe Lawsuit against plaintiff Winningham and the Missouri State Highway Patrol. (Exhibit B, Munroe Lawsuit Third Party Petition). Plaintiff Winningham answered the Third Party Petition and filed a crossclaim against defendant Swift and defendant Abdelmokarm. (Exhibit C, Munroe Lawsuit Answer and Crossclaim of Winningham). Winningham's crossclaim against defendant Swift and defendant Abdelmokarm is identical to her claims against them in the instant case.

Presently, plaintiff Winningham and defendants Swift and Abdelmokarm have two separate actions pending in two different courts that involve the same subject matter, allegations, and claims. The singular difference between the two actions is that the Munroe Lawsuit also includes four additional parties; Deborah Munroe, Michael Munroe, Missouri Highways and Transportation Commission, and the Missouri State Highway Patrol.

**Argument**

In the instant situation, the existence of two separate lawsuits involving different courts that have different procedural rules is highly problematic. First and foremost, the parties may find themselves between the proverbial rock and a hard place if they are faced with complying with incongruent orders of two separate courts. The possibilities of this are plentiful, however, the two most likely situations would include scheduling orders and orders enforcing or denying discovery. Compliance with two different scheduling orders could become difficult or even

impossible. Worse yet, the courts may rule differently on various discovery motions since the rules of discovery in the federal courts and the Missouri state courts have unique differences. This would lead to an unfair advantage to a party if they were forced to produce a document that another court had determined to be irrelevant. In addition, duplication of litigation also results in increased cost of litigation to the parties and forces the inefficient use of federal and state judicial resources.

To avoid these problems, plaintiff is seeking a motion to dismiss the claims of all parties without prejudice. Pursuant to Fed. R. Civ. P. 41(a)(2), dismissal without prejudice is permitted "by court order and upon such terms and conditions as the court deems proper." Fed. R. Civ. P. 41(a)(2). Whether a plaintiff's motion to dismiss all parties' claims without prejudice rests within the sound discretion of the Court. *Hamm v. Rhone-Poulenc Rorer Pharmaceuticals, Inc.*, 187 F.3d 941, 950 (8th Cir. 1999). "In exercising that discretion, a court should consider factors such as whether the party has presented a proper explanation for its desire to dismiss; whether a dismissal would result in a waste of judicial time and effort; and whether a dismissal will prejudice the defendants. Likewise, a party is not permitted to dismiss merely to escape an adverse decision nor to seek a more favorable forum." *Id.* (citations omitted)

It is most appropriate to litigate the claims between the parties as a part of the Munroe Lawsuit instead of the instant case. First, defendants chose to bring their claims against plaintiff in the Munroe Lawsuit even though defendants' claims already exist in the instant case. Defendants' decision to file an action in state court alleviates any concern of forum shopping. Second, with the inclusion of additional parties in the Munroe Lawsuit, the costs of litigation will be spread among more parties and the matter will be more completely litigated. Finally, the Munroe Lawsuit is much further along in the discovery process than the instant matter.

Accordingly, it would be much more efficient and cost effective to continue the Munroe Lawsuit rather than unnecessarily repeat discovery in the instant case.

Even if this case were dismissed without prejudice, defendants could still litigate the same claims against plaintiff in the Munroe Lawsuit as they are litigating in the instant case. Further, as the dismissal would be without prejudice. Defendants could refile another lawsuit in federal case in the unlikely event that their claims were not fully litigated in the Munroe Lawsuit. Therefore, defendants would in no way be prejudiced by a dismissal of the instant action.

## Conclusion

Any attempt to litigate the same matter concurrently in separate courts only serves to increase the cost of litigation for the parties, cause dissimilar rulings that lead to unfair advantages, creates difficult in attempting to adhere to the orders of two different courts, and unnecessarily taxes the judicial system. The reasonable course of action to resolve these problems is to dismiss the instant action and allow the parties to litigate their claims in state court where the inclusion of additional parties will allow for the matter to be more fully litigated at less expense to each individual party. Because defendants have chosen to create this situation by filing claims in a state court that already exist in the instant action, they cannot argue that they would be prejudiced by solely litigating this matter in state court. For these reasons, plaintiff respectfully request this Court to dismiss the all claims within the instant action without prejudice so that the parties may continue the litigation without unnecessary expense or difficulty in the Munroe Lawsuit.

McLEOD & HEINRICHS

By /s/ Jeff Heinrichs
Richard E. McLeod MO #28136
Jeff Heinrichs MO #54751
2900 City Center Square
1100 Main Street
Kansas City, Missouri 64105
(816) 421-5656
FAX: (816) 421-3339
richmcleod@mclaw.com
jheinrichs@mclaw.com

**ATTORNEYS FOR PLAINTIFF**

**Signature of this document certifies that a copy was served to the persons named below on the date and in the manner indicated:**

| Person | Party | Date | Method |
|---|---|---|---|
| James Jarrow<br>Baker, Sterchi, Cowden & Rice<br>2400 Pershing Rd., Suite 500<br>Kansas City, MO 64108<br>jarrow@bscr-law.com | Defendant Swift | October 13, 2006 | ECF |