# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MISSOURI
## WESTERN  DIVISION

DEBORAH WINNINGHAM,                          )
     Plaintiff,                                 )
                                                )
v.                                           )  No. 06-0568-CV-W-FJG
                                                )
SWIFT TRANSPORTATION COMPANY,                )
INC., et al.,                                )
     Defendants.                                )

## ORDER

Pending before the Court is Plaintiff Deborah Winningham's Motion to Dismiss all Parties' Claims Without Prejudice (Doc. No. 15).[1]  Specifically, plaintiff notes that pending in the Circuit Court of Jackson County, Missouri is <u>Munroe v. Swift Transportation Company, Inc., et al.</u>, Case No. 0616-CV01508.  Plaintiff asserts that in <u>Munroe</u>, defendants have filed a third party petition against plaintiff, setting forth the same allegations and claims as they have against plaintiff in the matter pending before this Court. Plaintiff also asserts that she has filed a crossclaim against defendants in the <u>Munroe</u> case that is identical to her complaint filed in the pending action.  Plaintiff asserts that all parties would save time and money by litigating their respective claims in one action instead of two, and suggests that it would be better for all concerned if the Jackson County Circuit Court heard all claims.  Therefore, plaintiff requests dismissal without prejudice of all claims in the action pending before this Court.

Defendants Swift Transportation and Abdelmokarm oppose plaintiff's motion to

---

[1]Notably, this case was removed to federal court on July 13, 2006.  Besides plaintiff's complaint against defendants (Exhibit to Doc. No. 1), pending is defendant Swift Transportation's counterclaim against plaintiff (Doc. No. 13).

dismiss without prejudice, arguing that this is an attempt by plaintiff to forum shop. Defendants also note the Colorado River Doctrine, which provides the general rule that "the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal Court having jurisdiction." Colorado River Water Conservation District v. United States, 424 U.S. 800, 817 (1976). Further, defendants note that the Jackson County Circuit Court granted Swift Transportation and Abdelmokarm's Motion to Strike Winningham's Answer and Cross-Claim on November 6, 2006. Therefore, defendants state that the basis for plaintiff's motion (that all claims could be heard in the Munroe action) is now gone.

> Fed.R.Civ.P. 41(a)(2) states in part:
>
> Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper.

In Minnesota Min. & Mfg. Co. v. Barr Laboratories Inc., 139 F.Supp.2d 1109, 1114 (D.Minn. 2001), aff'd, 289 F.3d 775 (Fed.Cir. 2002), the Court stated:

> The decision to allow a party to voluntarily dismiss an action rests within the sound discretion of the court. Hamm v. Rhone-Poulenc Rorer Pharmaceuticals, Inc., 187 F.3d 941, 950 (8th Cir. 1999). The factors that the court should consider in exercising this discretion are: 1) whether the party has presented a proper explanation for its desire to dismiss; 2) whether a dismissal would result in a waste of judicial time and effort; and 3) whether a dismissal will prejudice the defendant.

In the pending case, the Court finds that an examination of the above-listed factors leads to the conclusion that this matter should not be dismissed without prejudice. In particular, plaintiff's explanation for her desire to dismiss this case is no longer valid, as she does not have a claim pending against defendants in Jackson County Circuit Court. Further, dismissal would prejudice defendants, who have properly removed the pending

2

lawsuit and have asserted counterclaims against plaintiff.[2]  Accordingly, plaintiff's motion

to dismiss without prejudice (Doc. No. 15) is **DENIED.**

      **IT IS SO ORDERED.**

                   /s/ FERNANDO J. GAITAN, JR.
                   Fernando J. Gaitan, Jr.
                   United States District Judge

Dated:  November 29, 2006  .
Kansas City, Missouri.

---

[2]Further, Rule 41(a)(2) applies to dismissals upon plaintiff's motion.  With regard to the counterclaims, in order for the Court to dismiss under Rule 41(a)(2), Swift Transportation would have needed to move for dismissal.  As defendant/counterclaimant Swift Transportation objects to dismissal without prejudice, the Court cannot dismiss Swift Transportation's counterclaims pursuant to Rule 41(a)(2).

3