**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

Deborah Winningham, )
                       Plaintiff, )
                                   )
vs. ) No. 06-0568-CV-W-FJG
                                   )
Swift Transportation Co., Inc., et al., )
                       Defendants. )

## ORDER

Currently pending before the Court is Plaintiff's/Counterclaim Defendant's Motion for Summary Judgment (Doc. No. 33) and Suggestions in Support of Motion (Doc. No. 30).

**I. Facts.**[1]

This action concerns a collision between a tractor trailer and an SUV on Highway 50 in Lee's Summit, Missouri on September 16, 2005. (See Doc. No. 33, Plaintiff's Motion, ¶1). Plaintiff Deborah Winningham was employed as a commercial driver license ("CDL") examiner by the Missouri State Highway Patrol on the day of the accident. (See Doc. No. 33, ¶2; Doc. No. 30, ¶5). Defendant Waleed Abdelmokarm ("Abdelmokarm") was training to become a commercial driver at Swift's training center in Kansas City, Missouri. (See Doc. No. 30, ¶1). Plaintiff administered the commercial driving examination to defendant Abdelmokarm. (See Doc. No. 30, ¶5). Plaintiff was a passenger in defendant Abdelmokarm's truck as a CDL examiner on the day of accident. Id. During the

---

[1]In accordance with Local Rule 56.1(a), "[a]ll facts set forth in the statement of the movant shall be deemed admitted for the purpose of summary judgment unless specifically controverted by the opposing party." See Ruby v. Springfield R-12 Public School Dist., 76 F.3d 909, 911 n. 6 (8th Cir. 1996). Accordingly, all facts set forth in the Court's statement of facts will be taken from plaintiff's motion for summary judgment (Doc. No. 33) and plaintiff's suggestions in support (Doc. No. 30) unless otherwise specified.

examination, defendant Abdelmokarm lost control of the tractor trailer, crossed the median, and struck an oncoming vehicle. (See Doc. No. 33, ¶9). The injured driver and passenger in the oncoming vehicle struck by defendant Abdelmokarm are not parties to this suit.

Plaintiff originally filed suit in state court in the Jackson County Circuit Court. Defendant Swift Transportation Co., Inc. ("Swift") subsequently removed the state action to federal court on July 13, 2006 (Doc. No. 1). Plaintiff brought suit against defendants Swift, the owner of the tractor trailer, and Abdelmokarm, the driver of the tractor trailer, alleging various counts of negligence and negligence per se. Defendant Swift filed a counterclaim against plaintiff alleging that plaintiff breached her duty of care and was negligent by failing to take steps to avoid the impending collision. (See Defendant's Answer and Counterclaim, Doc. No. 13, ¶75). Defendant claims plaintiff failed to take such actions as the following: failed to apply the tractor's brakes, did not assist defendant Abdelmokarm to stop, swerve, or slow and swerve, did not keep a careful lookout, and failed to provide steering instruction to defendant Abdelmokarm. Id. Defendant claims plaintiff is responsible for damages caused to the Swift tractor trailer and seeks damages for the tractor trailer. Id. at ¶78

Plaintiff now moves for summary judgment on defendant's counterclaim (Doc. No. 33).

**II. Summary Judgment Standard.**

Summary judgment is appropriate if the movant demonstrates that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986). The facts and inferences are viewed in the light most favorable to the nonmoving party. Fed. R. Civ. P. 56(c);

2

Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-590 (1986). The moving party must carry the burden of establishing both the absence of a genuine issue of material fact and that such party is entitled to judgment as a matter of law. Matsushita, 475 U.S. at 586-90.

Once the moving party has met this burden, the nonmoving party may not rest on the allegations in the pleadings, but by affidavit or other evidence must set forth facts showing that a genuine issue of material fact exists. Fed. R. Civ. P. 56(e); Lower Brule Sioux Tribe v. South Dakota, 104 F.3d 1017, 1021 (8th Cir. 1997). To determine whether the disputed facts are material, courts analyze the evidence in the context of the legal issues involved. Lower Brule, 104 F.3d at 1021. Thus, the mere existence of factual disputes between the parties is insufficient to avoid summary judgment. Id. Rather, "the disputes must be outcome determinative under prevailing law." Id. (citations omitted).

Furthermore, to establish that a factual dispute is genuine and sufficient to warrant trial, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the facts." Matsushita, 475 U.S. at 586. Demanding more than a metaphysical doubt respects the appropriate role of the summary judgment procedure: "Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to secure the just, speedy, and inexpensive determination of every action." Celotex, 477 U.S. at 327.

**III. Discussion.**

Plaintiff argues she was a passenger in a vehicle in which the driver of the vehicle caused the accident and as a passenger, she owes no duty to the driver, to defendant Swift

3

Case 4:06-cv-00568-FJG   Document 63   Filed 06/06/07   Page 3 of 10

to take action in avoiding the accident, or even to the parties injured in the other vehicle. Plaintiff states "[a] passenger in a vehicle has no affirmative duty to take any action to instruct a driver how to avoid an impeding collision or to wrestle control of the vehicle from the driver." See Plaintiff's Suggestions, Doc. No. 30, p. 3.

Plaintiff further argues that she has no special duty as a CDL examiner to take action to stop the accident and defendant has not identified any such duty under Missouri law. Plaintiff states defendant did not identify any expert that could testify as to the duties of a Missouri CDL, if there are such duties, and whether plaintiff breached those duties. In the alternative, plaintiff claims if she owed any duty, it was a duty to the general public and not to any particular individual.

Finally, plaintiff argues that she is entitled to official immunity as a state employee employed by the Missouri State Highway Patrol. Plaintiff states taking such acts as pushing a brake button, pulling a brake lever, or reaching to grab the steering wheel were discretionary duties and not ministerial duties.

Defendants respond with the following arguments: (1) Missouri law dictates that plaintiff had a duty as the CDL examiner and supervisor of Abdelmokarm to take action to avoid the accident; (2) plaintiff had a specific duty to the injured parties in the vehicle struck by Abdelmokarm, to Abdelmokarm, and to Swift to take appropriate steps to avoid the accident; and (3) plaintiff is not entitled to "official immunity" because her acts or omissions were ministerial acts and not discretionary acts. Defendants also argue there are a number of facts in dispute, thus summary judgment is improper as to defendants' counterclaim.

Additionally, defendants allege plaintiff is negligent for failing to properly supervise Abdelmokarm. Defendants state that Missouri law has recognized a cause of action for

4

negligent instruction. Defendants claim plaintiff provided specific, detailed instructions to defendant Abdelmokarm such as directing him to drive on Highway 50, where the accident occurred. Defendants state all plaintiff did to stop the accident was yell "what are you doing? what are you doing?" and failed to take numerous actions to stop the accident such as pulling the brake lever.

Defendants also note that plaintiff as a CDL examiner administered these examinations to inexperienced drivers and understood that part of her job entailed the possibility that she could be involved in a traffic accident.

Plaintiff replies that she was an examiner and not an instructor. Plaintiff points out that any instruction given to defendant Abdelmokarm was to keep him on the approved route he was required to drive on for his test. Further, plaintiff rejects that she should be held to the same standard of care as a driver just because she is a CDL examiner. Plaintiff also notes defendants did not file any witness and exhibit lists to support their counterclaim, which was due on April 5, 2007 per the Court's Amended Scheduling Order (Doc. No. 56).

In order to make a submissible case of negligence under Missouri law, plaintiff must prove: (1) the existence of a duty on the part of the defendant to protect plaintiff from injury; (2) a breach of the defendant's duty; and (3) an injury to plaintiff directly and proximately resulting from the defendant's breach. See Parra v. Bldg. Erection Services, 982 S.W.2d 278, 282 (Mo. Ct. App. 1998)(citing Bond v. California Comp. & Fire Co., 963 S.W.2d 692, 695-96 (Mo. Ct. App. 1998)). The existence of a duty is purely a question of law for the court to determine. Lopez v. Three Rivers Elec. Coop., Inc., 26 S.W.3d 151, 155 (Mo. 2000)(citing Aaron v. Havens, 758 SW.2d 446, 447 (Mo. banc 1988). "Where no duty is indicated by Missouri statute, case law, or otherwise, a fundamental prerequisite to

5

establishing negligence is absent." Ford v. GACS, Inc., 265 F.3d 670, 682 (8th Cir. 2001)(citing Horstmyer v. Black & Decker, (U.S.), Inc., 151 F.3d 765, 773 (8th Cir. 1998).

In determining whether a duty exists, "a court must weigh the foreseeability of the injury, the likelihood of the injury, the magnitude of the burden of guarding against it and the consequences of placing that burden on defendant." See Hoffman v. Union Electric Co., 176 S.W.3d 706, 708 (Mo. 2005)(citing Gunnett v. Girardier Bldg. and Realty Co., 70 S.W.3d 632, 639 (Mo. Ct. App. 2002); Benoit v. Missouri Highway and Transp. Com'n, 33 S.W.3d 663, 668 (Mo. Ct. App. 2000)); See also Williams v. City of Independence, 931 S.W.2d 894, 896 (Mo. Ct. App. 1996). "When deciding if some injury was reasonably foreseeable, whether expressly or implicitly, courts examine what the actor knew or should have known." Kuhn v. Budget Rent-A-Car of Missouri, Inc., 876 S.W.2d 668, 672-73 (Mo. Ct. App. 1994)(citing Bostic v. Bill Dillard Shows, Inc., 828 S.W.2d 922, 926-27 (Mo. Ct. App. 1992))(internal quotations omitted).

The Court finds that plaintiff owed no duty to defendants Swift, Abdelmokarm, or to the injured persons, who are not even parties in this case. The Court also finds that there is no genuine issue of material fact preventing summary judgment in this case. Defendants attempt to create genuine issues of material fact by contradicting facts such as where the car was hit, when the accident took place, and whether defendant Abdelmokarm swerved to the left or right. However, such facts are immaterial to whether plaintiff owed a duty to defendants and breached that duty. The court will examine plaintiff's duty in reference to the above factors.

Defendants hint at making an argument that this accident was foreseeable when they state plaintiff is a CDL examiner who frequently drives with inexperienced drivers and

6

who admitted at her deposition that as part of her job, she understood there was a possibility of being involved in a traffic accident. See Defendant's Exhibit 2, Doc. No. 36-3, p. 58. However, just because plaintiff understood that a degree of risk came with her job does not mean she owed a duty to the driver to take action to avoid the accident. Not every driver plaintiff examines is a danger and unless a driver is testing poorly during the examination, plaintiff cannot anticipate danger and provide against it. The accident was not foreseeable when defendants themselves pointed out that plaintiff testified defendant Abdelmokarm passed all phases of the CDL examination and was doing a "fine job" up until the point of the collision. See Defendants' Exhibit 2, Doc. No. 36-3, p. 212. Plaintiff stated "He [Abdelmokarm] didn't do anything to concern me that he wouldn't be safe, so I continued to take him on the test route." See Plaintiff's Exhibit B, Doc. 30-3, p. 103. Even if plaintiff should have taken more steps to avoid the collision by pulling the brake lever, the Court cannot say that a reasonably prudent person in plaintiff's position would have had the clarity of mind in a presumably panicked state or even the time to act in the short time frame before the collision. In addition, based on defendant Abdelmokarm's satisfactory performance in the driving test up until the moment of the collision, the likelihood of the injury occurring was low. Thus, the injury which occurred was not foreseeable.

The Court also finds that the last two factors weigh against finding a duty because both the magnitude and the consequences of imposing a duty would be great. Placing a duty upon plaintiff means passengers similarly situated would potentially bear the burden and cost in such collisions.

Further, plaintiff was not responsible for the collision simply as a passenger. Under Missouri law, a passenger in an automobile is only under a duty to exercise ordinary care

7

for his own safety. See Gandy v. Terminal R.R. Ass'n of St. Louis, 623 S.W.2d 49, 51 (Mo. Ct. App. 1981)(citing Happy v. Blanton, 303 S.W.2d 633, 638 (Mo. 1957); See also Shelter Mut. Ins. Co. v. White, 930 S.W.2d 1, 4-5 (Mo. Ct. App. 1996). "This duty may require a passenger to keep a careful lookout in situations where the driver has been exercising a visible lack of caution or when the passenger knows of imminent danger." Gandy, 623 S.W. 2d at 51. However, Missouri law is clear that "this is a duty the passenger owes only to himself and not to the driver or any other person." Id. Breaching this duty only affects what plaintiff can recover from his own injuries, but a breach of the duty is not a basis on which defendant may recover. Id. Even more important, there is no statutory law or case law imposing a duty of care upon CDL examiners or driver examiners in general. Thus, plaintiff as a passenger and as a CDL examiner owed only a duty to herself and not to defendants.

The only instance in which Missouri law has found that a passenger owes a duty of care to other than himself is in the instructor-student driver situation. Frye v. Baskin, 231 S.W.2d 630, 635 (Mo. Ct. App. 1950)(holding that the passenger-instructor is responsible for the safe operation of the vehicle). Defendants attempt to argue plaintiff was an instructor. However, it is clear from the record that plaintiff was not defendant Abdelmokarm's instructor, but only his CDL examiner. The roles are distinct. Plaintiff's role was not to teach Abdelmokarm how to drive and operate the tractor trailer, but rather her role was to test Abdelmokarm's skills in operating the tractor trailer on the road. When defendant Abdelmokarm described what sort of instruction plaintiff provided him during his road test, he stated:

   Q. All right. Now during the road test do you decide where you want to go,

> or does the CDL instructor tell you where to go?
> A. The CDL instructor, she tells you where to go or which direction or how to take.
> Q. Does she tell you if she wants you to stop?
> A. One time during the test she asked me to pull out of street.
> Q. Does she tell you if she wants you to increase your speed?
> A. Yes.
> [DELETED TEXT]
> Q. Who was telling you where to go?
> A. The CDL examiner.
> Q. If the CDL examiner told you to stop, what would you do?
> A. I stop, because one time she asked me to make emergency stop and I stopped the truck and I park it and then she tell me, move and we continued.
> Q. If the CDL examiner told you to make a right turn, what you would you do?
> A. I do what she want me to do.

See Defendants' Exhibit 1, Doc. No. 36-2, p. 139. None of these above instructions, however, establish that plaintiff acted as an instructor. These instructions were simply given to either keep defendant Abdelmokarm on the approved driving test route or to assess his driving skills. Further, there is no evidence in the record that plaintiff ever trained defendant Abdelmokarm during his training at the Swift training center. Thus, plaintiff cannot be held responsible for the safe operation of the tractor trailer.

The Court also notes even if defendants proved a submissible case of negligence, defendants have failed to file witness and exhibit lists to support their counterclaim, which was due on April 5, 2007 per the Court's Amended Scheduling Order (Doc. No. 56). Without such evidence, defendants have no evidence to support their counterclaim.

Given that the Court holds plaintiff owed no duty to defendants, the Court does not reach the issue of whether plaintiff is entitled to official immunity.

Because the Court finds plaintiff owed no duty to defendants under Missouri law, the Court hereby **GRANTS** plaintiff's motion for summary judgment as to defendant's

9

counterclaim (Doc. No. 33).

## IV. Conclusion

For foregoing reasons, Plaintiff's/Counterclaim Defendant's Motion for Summary Judgment (Doc. No. 33) is **GRANTED**.

**IT IS SO ORDERED.**


Date: 6/6/07
Kansas City, Missouri

**S/ FERNANDO J. GAITAN, JR.**
Fernando J. Gaitan, Jr.
Chief United States District Judge