# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| Deborah Winningham, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 06-0568-CV-W-FJG |
| | ) |
| Swift Transportation Co., Inc., et al., | ) |
| | ) |
| Defendants. | ) |

# ORDER

Currently pending before the Court is Plaintiff's Motion in Limine (Doc. No. 65) and Defendant's Motion in Limine (Doc. No. 67) and Defendants' Suggestions in Support of their motion (Doc. No. 68). Each motion will be considered below.

**Plaintiff's Motion in Limine (Doc. No. 65)**

1. Testimony or evidence from any witness or argument by defense counsel regarding collateral sources of payments received by Plaintiff, to be received by Plaintiff, or made on behalf of Plaintiff in the future associated with the injuries and damages sustained by Plaintiff.

    No opposition.

    **Ruling:** This motion is **GRANTED**.

2. Testimony or evidence from any witness or argument by defense counsel regarding the actions and inactions taken by Plaintiff, a passenger in the tractor-trailer, to avoid the collision.

    Defendants object for two reasons: (1) comparative fault is appropriate in Missouri and this evidence is necessary to prove comparative fault, and (2) plaintiff's guilt is a factor in causing her to be upset after the accident. Defendants argue based on the case law in

Missouri that plaintiff's breach of the duty of care to herself as a passenger affect what plaintiff can recover from own injuries. Defendants also note that comparative fault is one of defendants' affirmative defenses in their Answer (Doc. No. 13) and this evidence is necessary to prove their affirmative defense of comparative fault. Further, defendants request at a minimum for the Court to make this determination at trial after the close of evidence rather than on a motion in limine.

Defendants state there must be sufficient evidence for the jury to conclude that the plaintiff's inactions contributed to her injuries. Defendants state that the following facts support the admission of comparative fault evidence in this case:

- Plaintiff provided specific, detailed instructions to Abdelmokarm for every maneuver he performed.

- Plaintiff admitted she did not do anything to attempt to avoid the collision when defendant began to lose control of the tractor-trailer.

- Plaintiff had time to make verbal commands prior to the collision, but still failed to take any action to avoid the accident.

- Plaintiff admitted in her deposition she knew she was supposed to do everything in her power to stop a tractor-trailer if someone was to lose control.

- Even though plaintiff had time to give defendant three verbal commands prior to the collision, she never activated the tractor or trailer brakes when defendant began to lose control of the tractor-trailer (even though they were within her reach directly prior to the accident) or the brake buttons on the dashboard to her left.

- Plaintiff failed to assist with steering.

The second reason defendants oppose plaintiff's motion in limine to exclude evidence of plaintiff's inactions to avoid the collision is because this evidence shows the reason she was upset and stressed since the accident. Defendants state that plaintiff's psychologist admitted in her deposition that post traumatic stress can be created when a person does not taken action/or takes action, resulting in another's injury.

2

**Ruling:** This motion is **DENIED**. The Court finds that such evidence is relevant to the issue of comparative fault; thus defendants may submit evidence of comparative fault in order to prove their affirmative defenses at trial. However, the Court will decide at trial after the close of evidence whether defendants have presented sufficient evidence from which a jury could conclude that plaintiff's conduct was a contributing cause of damages. See Lear v. Norfolk & Western Railway Co., 815 S.W.2d 12, 15 (Mo. App. 1991). If defendants have not presented sufficient evidence of comparative fault, then jury instructions for comparative fault will not be rendered. Id.

3. Testimony or evidence from any witness or argument by defense counsel regarding the actions or inactions that Winningham, a passenger in the tractor-trailer, should have or could have done to avoid the collision.

   Defendants refer the Court to the same objections and arguments they made above in regards to number two in plaintiff's motion in limine.

   **Ruling:** For the same reasons the Court stated above, this motion is **DENIED**.

4. Testimony or evidence from any witness or argument by defense counsel regarding the standard of care of a CDL examiner.

   Defendants object because they state that plaintiff can be cross-examined regarding what her understanding of her job duties and responsibilities are as a CDL examiner.

   **Ruling:** This motion is **GRANTED**. The issue of what standard of care is owed by a CDL examiner or what special duty a CDL examiner owes was previously decided in the Court's granting of plaintiff's motion for summary judgment (Doc. No. 63). In the Court's June 6, 2006 Order, the Court concluded there was no evidence of any duty placed upon CDL examiners. To the extent defendants seek to ask plaintiff at trial what she understood her job duties and responsibilities as a CDL examiner to be, such questioning is permitted. However, if defendants seek to admit evidence or testimony that plaintiff breached a

standard of care as a CDL examiner, this evidence is inadmissible.

5. Testimony or evidence from any witness or argument by defense counsel regarding whether Winningham breached the standard of care of a CDL examiner.

Defendants make the same objections as they did above for number three in plaintiff's motion in limine.

**Ruling:** For the same reasons the Court stated above, this motion is **GRANTED**.

6. Testimony or evidence from any witness or argument by defense counsel regarding whether Winningham had control over the Swift tractor-trailer.

Defendants assert that the issue of control is an issue of fact for the jury.

**Ruling:** This motion is **DENIED**. The Court agrees this is an issue of fact for the jury.

7. Testimony or evidence from any witness or argument by defense counsel regarding whether Winningham instructed Abdelmokarm how to operate a tractor-trailer.

Defendants make the same objection as above for number five. Defendants argue that the degree of control plaintiff has over the Swift tractor-trailer directly prior to the accident is an issue of fact for the jury.

**Ruling:** This motion is **DENIED**. The Court agrees this is an issue of fact for the jury.

Accordingly, for the foregoing reasons, Plaintiff's Motion in Limine is hereby **GRANTED in part** and **DENIED in part** (Doc. No. 65).

**Defendants' Motions in Limine (Doc. No. 67)**

1. Evidence of Swift Charging a Room and Board Fee to Attend Its Kansas City Driving Academy

No opposition.

**Ruling:** This motion is **GRANTED**.

4

2.  Evidence of What Waleed Abdelmokarm Did After the Accident.

Defendants anticipate plaintiff will attempt to elicit testimony from defendant Abdelmokarm that immediately after the accident, he did not go to Munroe's vehicle, the passengers in the vehicle struck by Abdelmokarm, to determine how they were doing. Defendants argue such evidence has no probative value to either the plaintiff's theory of the case or the defendants' defenses. Defendants state that what Abdelmokarm did after the accident bears no relevance to the issues in this case. Defendants also contend that such evidence will prejudice the defendants by making it seem as if Abdelmokarm is a callous or an uncaring person.

Plaintiff responds this evidence is relevant because it further demonstrates that Abdelmokarm was unprepared to take the CDL examination and is evidence of Swift's failure to properly train him. Plaintiff states that Abdelmokarm did nothing after the accident; he took no action.

**Ruling:** This motions is **GRANTED**. The Court agrees this evidence is irrelevant.

3.  Evidence of Traffic Accidents Involving Abdelmokarm or Swift Either Prior to, or Following, the Accident.

Defendants argue that evidence of similar incidents or injuries are only relevant if a plaintiff establishes that the other incidents are "substantially similar" to the instant case. J.B. Hunt Transp., Inc. v. GMC, 243 F.3d 441, 445 (8th Cir. 2001). Defendants state in order for evidence of prior incidents to be "substantially similar" and therefore admissible, "[t]he evidence must be of an accident of like character, occurring under substantially the same conditions, and it must be one resulting from the same cause." Hess v. Chicago, Rock Island and Pacific Railroad Co., 479 S.W.2d 425, 431 (Mo. 1970); First Sec. Bank v.

5

Union Pac. R.R. Co., 152 F.3d 877, 879 (8th Cir. 1998).

Defendants state that defendant Abdelmokarm has only been in one accident and it was in North Dakota not involving a tractor trailer. Defendants anticipate plaintiff will seek to admit testimony regarding an accident plaintiff was previously involved in as a CDL examiner with another Swift trained driver. However, defendants state plaintiff was unable to identify this driver and no one was injured.

Plaintiff responds she has no objection to excluding Abdelmokarm's previous accident that did not involve a tractor-trailer. However, plaintiff seeks to admit other accidents which occurred while a Swift trained driver was taking a CDL exam even if the driver was not defendant Abdelmokarm. Plaintiff argues these accidents demonstrate Swifts' failure or lack of concern for the proper training of its students.

**Ruling:** This motion is **PROVISIONALLY GRANTED**. The Court does not have any records or evidence pertaining to the specific accidents plaintiff seeks to admit. The Court is unaware of the circumstances of these other accidents with Swift trained drivers. Therefore, the Court cannot determine the accident's similarity or relevance to this case.

4. Evidence of Swift's Internal Determination as to Cause of the Accident.

Plaintiff has no objection to excluding this evidence so long as Swift does not attempt to argue a theory of the cause of the accident that is incongruent with its own internal investigation. Plaintiff states that if Swift begins changing its story at trial about the cause of the accident, then plaintiff is entitled to point out this difference to the jury.

**Ruling:** This motion is **GRANTED**.

5. Evidence of Kenneth's Nagel's Transfer from Swift Driving Academy.

No opposition.

**Ruling:** This motion is **GRANTED**.

6
Case 4:06-cv-00568-FJG   Document 81   Filed 08/02/07   Page 6 of 13

6. Evidence of Lawsuits in Which Swift Was a Party.

Plaintiff has no objection so long as lawsuits in which plaintiff was a party are not raised.

**Ruling:** This motion is **GRANTED**.

7. Any and All Opinions of Any Police Officer Concerning the Cause of the Accident.

No opposition.

**Ruling:** This motion is **GRANTED**.

8. Any and All Mention of Waleed Abdelmokarm's Consulting With An Attorney After the Accident.

No opposition.

**Ruling:** This motion is **GRANTED**.

9. Any and All Mention That Waleed Abdelmokarm was An Employee of Swift.

No opposition.

**Ruling:** This motion is **GRANTED**.

10. Any Reference or Questioning of Whether Mr. Kenneth Nagel, or Other Swift Representatives, Know the Requirements Under the Federal Motor Carrier Safety Regulations for Domicile.

Defendants anticipate plaintiff will try and question Swift representatives concerning the requirements for a commercial carrier driver as to the domicile they maintain in relationship to where they apply for a CDL. Defendants argue the term domicile is a legal term and requires a legal opinion. Further, defendants assert plaintiff should not attempt to impeach or discredit one of defendants' witnesses regarding their inability to speculate on these issues.

Plaintiff responds that Swift has an obligation to understand and adhere to the Federal Motor Carrier Safety Regulations to ensure that it is operating tractor-trailers safely

and within the bounds of the law. Plaintiff states that Swift's failure to hire or train employees whose jobs require them to comply with the Federal Motor Carrier Safety Regulations demonstrates a general lack of concern for the public's safety. Plaintiff asserts this evidence is relevant to Swift's negligent entrustment of its tractor-trailer.

**Ruling:** This motion is **GRANTED**. Plaintiff has failed to establish sufficient evidence to support the presentation of any violations of the aforementioned regulations at trial.

11. Any Opinion Relating to the Honesty, Integrity, or Credibility of Witnesses at Trial, Including, But Not Limited to, Plaintiff.

    No opposition.

    **Ruling:** This motion is **GRANTED**.

12. Any Facts or References Relating to the Monetary Value of Plaintiff's Alleged Non-Economic Damages.

    Defendant argues that under Missouri law, no witness should be allowed to opine as to the value of non-economic damages. Graeff v. Baptist Temple of Springfield, 576 S.W.2d 291, 302 (Mo. Banc 1978).

    Plaintiff responds she is entitled to argue to the jury that a lump sum compensation for plaintiff's non-economic damages is appropriate. Meyers v. Southern Builders, Inc., 7 S.W.3d 507, 511 (Mo. App. 1999).

**Ruling:** This motion is **DENIED**.

13. Any Facts or References Relating to Medical Bills Which Plaintiff Has Not Paid or For Which She is Not Liable.

    No opposition.

    **Ruling:** This motion is **GRANTED**.

14. Any facts or References Relating to Plaintiff's Claimed Attorneys' Fees and/or Expenses Related to her Claims Against Swift and Abdelmokarm.

8

No opposition.

**Ruling:** This motion is **GRANTED**.

15. Any and All Mention of Character Evidence of Defendants or Defendants' Witnesses.

    No opposition.

    **Ruling:** This motion is **GRANTED**.

16. Any and All Facts or References Regarding the Driver Turnover Rate at Swift.

    Defendants argue such evidence is prejudicial and is irrelevant to the issues in the case. Defendants also note that Abdelmokarm was never an employee of Swift.

    Plaintiff responds that she has no objection if punitive damage are disallowed in this case. If punitive damages are allowed, plaintiff argues that Swift's high turnover rate of drivers and its constant need for new drivers are motive for Swift permitting unsafe and unprepared students to take a CDL driving test in the hopes that the student may surprise everyone by passing and then take a seat in a Swift tractor-trailer.

    **Ruling:** This motion is **PROVISIONALLY GRANTED**. Plaintiff will need to make her case regarding punitive damages to the satisfaction of the Court before she will be allowed to either argue or present this evidence to the jury.

17. Audio Tape of Cell Phone Conversation of Michael Munroe Directly Prior to the Accident.

    In the Jackson County action, counsel for plaintiffs provided counsel for defendants with an audio CD containing a recording of a cell phone message plaintiff Michael Munroe, a passenger in the vehicle struck by Abdelmokarm, left just as the accident occurred. Defendants argue this tape should be excluded because plaintiff identified this evidence just days before the close of discovery.

Plaintiff responded she advised defendants that she intended to use the audio tape at trial within 24 hours of receiving the tape and prior to the close of discovery. Further, plaintiff states she learned of and received a copy of the tape at the same time and in the same manner as defendants did which was the result of the discovery process in the Jackson County case. Plaintiff argues this tape is relevant because Munroe's cell phone remained on during and after the collision. Plaintiff states this tape documents the accident. Plaintiff provides the example that she can be heard as she sees the injuries sustained by Mr. and Mrs. Munroe and then she calls for help.

**Ruling:** This motion is **PROVISIONALLY GRANTED**. The Court cannot determine the relevancy of the tape without listening to its contents.

18. Any Facts or References Regarding Whether or Not Abdelmokarm Was "Ready" or Properly Trained to Take the CDL Examination.

Defendants state it is the driver's decision about whether to take the CDL test. Defendants anticipate plaintiff will attempt to introduce hand-written notes from defendant Abdelmokarm's instructor at the time indicating that Abdelmokarm went off the road and was unsafe after passing his final road test. Defendants seek to exclude this document. Defendants further note there are no requirements that CDL applicants participate in some form of training prior to taking the CDL exam.

Plaintiff responds this evidence is relevant to the issue of Swift's negligent entrustment. Plaintiff states that Swift entrusted defendant Abdelmokarm with a Swift owned tractor-trailer to use in his test. Plaintiff argues that Swift made a determination that Abdelmokarm was "ready" and properly trained to take the test. Plaintiff contends this evidence goes to the heart of her negligence claim.

**Ruling:** This motion is **PROVISIONALLY GRANTED**. The Court cannot

determine the relevancy of this evidence without the benefit of reviewing defendant Abdelmokarm's evaluations from his instructor. Thus, plaintiff has until **Tuesday, August 7, 2007** to file the evaluations with the Court and to show the Court why such evidence is relevant to this case.

19. Any Facts or References Regarding Plaintiff's Experience with Other CDL Applicants from the Swift Driving Academy.

Defendants argue this information is speculative because plaintiff testified at her deposition that she figured approximately 10% of CDL applicants fail.

Plaintiff has no objection if punitive damages are disallowed. If punitive damages are allowed, the number of accidents while a CDL examination is underway is relevant to Swift's inability to properly train safe drivers and its actions of routinely entrusting tractor-trailers to examinees that are knowingly unsafe and untrained.

**Ruling:** This motion is **PROVISIONALLY GRANTED**. Plaintiff will need to make her case regarding punitive damages to the satisfaction of the Court before she will be allowed to present this evidence to the jury.

20. Any Facts or References Regarding Training Programs at Truck Driving Academies.

No opposition.

**Ruling:** This motion is **GRANTED**.

21. Swift's Financial Condition

Defendants argue this information is irrelevant to the claims. Further, defendants assert that plaintiff has no evidence to support punitive damages; thus there is no reason to admit evidence of defendants' wealth.

Plaintiff has no objection if punitive damages are disallowed. If punitive damages are allowed, the jury is entitled to hear evidence concerning Swift's financial condition so

as to determine the appropriate amount of punitive damages to be awarded.

**Ruling:** This motion is **PROVISIONALLY GRANTED**. Plaintiff will need to make her case regarding punitive damages to the satisfaction of the Court before she will be allowed to present this evidence to the jury.

22.     Swift's Liability Insurance

No opposition.

**Ruling:** This motion is **GRANTED**.

23.     Whether or Not Mr. Abdelmokarm Should Have Tested

Defendants state that several managerial employees have testified in their deposition that Mr. Abdelmokarm should not have tested for his CDL. Defendants argue such hindsight is 20/20 and the evidence is prejudicial. Defendants note that one of the employees who made such statements is a disgruntled employee fired for making racially inappropriate comments. In addition, defendants assert that an opinion as to whether an employee thinks a student is ready to test is irrelevant as the decision to test is made by the student.

Plaintiff has no objection to opinions formed after the accident. However, plaintiff does object to excluding opinions formed before the accident as to whether defendant Abdelmokarm should have tested. Plaintiff argues that a CDL licensee's desire to take the driving portion of the CDL examination is only half of the equation because the licensee must also secure the use of a tractor trailer as the Missouri State Highway Patrol does not supply one.

**Ruling:** This motion is **PROVISIONALLY GRANTED**. The Court cannot determine the relevancy of these opinions from Swift employees without knowing which statements of which particular Swift employees plaintiff seeks to admit.

Accordingly, for the foregoing reasons, defendants' Motion in Limine is hereby **GRANTED IN PART** and **DENIED IN PART** (Doc. No. 67). Plaintiff is further ordered to file defendant Abdelmokarm's evaluations with the Court by **Tuesday, August 7, 2007**.

**IT IS SO ORDERED.**

Date: 8/2/07  
Kansas City, Missouri

**S/ FERNANDO J. GAITAN, JR.**  
Fernando J. Gaitan, Jr.  
Chief United States District Judge